**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000386**
**18-DEC-2014**
**10:19 AM**

NO. CAAP-12-0000386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ESTATE OF EDWARD VON BARAVALLE
also known as Edward V. Baravalle

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 09-1-0664)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Appellant-Beneficiary Kyoko Kouda a.k.a. Kyoko von Baravalle (**Kouda**) appeals from two judgments (collectively, **March 16, 2012 Judgments**) of the Circuit Court of the First Circuit sitting in Probate (**Probate Court**)[1]:  (1) the March 16, 2012 Judgment on Order Denying Kouda's Cross-Petition to Set Aside (1) Order Granting in Part and Denying in Part Petition for Probate of Will and Appointment of Personal Representative or in the Alternative for Adjudication of Intestacy and Appointment of Personal Representative Filed March 25, 2010; and (2) Judgment on Order Granting in Part and Denying in Part Petition for Probate of Will and Appointment of Personal Representative or in the Alternative for Adjudication of Intestacy and Appointment of Personal Representative Filed March 25, 2010 (**Judgment on Cross-Petition**); and (2) the March 16, 2012 Judgment on Order Granting

---

[1]    The Honorable Derrick H. M. Chan presided.

in Part and Denying in Part Petition for Instructions (**Judgment re Instructions**).

Kouda raises four points of error, asserting that the Probate Court erred when it: (1) denied her Cross-Petition to Set Aside (1) Order Granting in Part and Denying in Part Petition for Probate of Will and Appointment of Personal Representative or in the Alternative for Adjudication of Intestacy and Appointment of Personal Representative Filed March 25, 2010; and (2) Judgment on Order Granting in Part and Denying in Part Petition for Probate of Will and Appointment of Personal Representative or in the Alternative for Adjudication of Intestacy and Appointment of Personal Representative Filed March 25, 2010 (**Kouda's Cross-Petition**);

(2) denied (in part) Personal Representative-Appellee Rodney Sato's (**Sato's**) Petition for Instructions, with respect to Sato's (renewed) request to admit the August 23, 1996 purported holographic will (**Purported Will**) of Decedent Edward von Baravalle (**Baravalle**) to probate as Baravalle's last will and testament (see March 16, 2012 Order Granting in Part and Denying in Part Petition for Instructions (**Order re Instructions**));

(3) denied Kouda's Cross-Petition "without considering the newly discovered heirs-at-law;" and

(4) appointed Sato as personal representative for Baravalle's estate (the **Estate**) "without considering the newly discovered heirs-at-law."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kouda's points of error as follows:

In essence, Kouda's first three points of error challenge the Probate Court's refusal to set aside its earlier denial of Sato's request to admit the Purported Will to probate, which denial was set forth in the Probate Court's March 25, 2010 Order Granting in Part and Denying in Part Petition for Probate of Will and Appointment of Personal Representative or in the Alternative for Adjudication of Intestacy and Appointment of

2

Personal Representative (**March 25, 2010 Order**) and March 25, 2010 Judgment on the March 25, 2010 Order (**March 25, 2010 Judgment**).

In her opening brief, Kouda's primary argument is that the Purported Will was a valid holographic will which the Probate Court should have admitted to Probate. Kouda does not deny that she received actual notice of Sato's initial petition, which led to the March 25, 2010 Order and March 25, 2010 Judgment. Nor does Kouda deny that she did not appeal the March 25, 2010 Order or the March 25, 2010 Judgment. Instead, Kouda argues that the March 25, 2010 Order and Judgment are void because, although she received proper notice, Baravalle's three children from prior marriages did not receive notice, and, essentially, that her failure to challenge the March 25, 2010 Order should be excused because "she believed she was going to receive everything" from the Estate.

Hawaii Revised Statutes (**HRS**) § 560:3-106 (2006) provides that, with respect to probate proceedings where notice is required, "[a]n order is binding as to all who are given notice of the proceeding though less than all interested persons are notified." Additionally, in a case where an order of intestacy has been entered, HRS § 560:3-412(2) (2006) provides that a court *may* reconsider its determination of heirs "if it is shown that one or more persons were omitted from the determination and it is also shown that the persons . . . were given no notice of any proceeding concerning the decedent's estate, except by publication." A court may also vacate a previous order of intestacy as provided for by statute. HRS § 560:3-412(2),(3). Thus, although a court may reconsider the status of an omitted heir who was not given notice of a probate proceeding, a final order entered in that proceeding is not void and is still binding on all who received notice. Having carefully considered all of Kouda's arguments, we conclude that the Probate Court did not abuse its discretion when it refused to set aside the March 25, 2010 rulings rejecting the Purported Will.

In Kouda's final point of error on appeal, she contends that the Probate Court erred when it appointed Sato as personal representative for the Estate. In addition to later signing a receipt for the notice of hearing on the matter, on November 10, 2009, Kouda signed two submissions, a "Declination, Nomination and Joinder" and a "Declaration of Kyoko von Baravalle" in Sato's initial petitions both stating that she hereby joins in Sato's petition for appointment and "declines to serve as such personal representative, renounces that right, and nominates and requests the Court to appoint **Rodney Sato** as personal representative, without bond." Although Kouda blames Sato for failing to identify Baravalle's children in the initial petition, and disputes Sato's assertion that he was first informed of the decedent's two sons in a letter from Kouda's attorney dated December 6, 2010, it does not appear that Kouda opposed his appointment or petitioned the Probate Court for Sato's removal as the personal representative. Kouda's contention as to Sato's appointment is without merit.

For these reasons, the Probate Court's March 16, 2012 Judgments are affirmed.

DATED: Honolulu, Hawai'i, December 18, 2014.

On the briefs:

Junsuke Otsuka
(Otsuka & Associates)
for Beneficiary-Appellant

Kenn N. Kojima
for Beneficiaries-Appellees
RICHARD TAKESHI VON BARAVALLE
and KARL KAZUTO VON BARAVALLE

Presiding Judge

Associate Judge

Associate Judge